Good morning. If it pleases the Court, I'm Aggie Hoffman for the Petitioner, and I'm here because my client was deprived the constitutional protection. Could you talk louder? I can't hear. Yes. Aggie Hoffman for the Petitioner. If it pleases the Court, I'm here because my client was denied his constitutionally protected. You're here because your client did what the one in the prior case didn't. You filed a protective motion and then they pre-dermitted your full 90 days. That's correct, Your Honor. We filed a motion to reopen. We filed it early, before the 90-day deadline, specifically stating that we will file the supporting evidence and documents prior to the expiration of the 90 days. And then while your back was turned, they turned you down. Yes. The Court, the Board of Immigration Appeals issued a statement two weeks before the 90 days saying, well, we have waited and you still have not provided the information, therefore your motion is denied. So clearly it was denied not based on the merits, but based on a procedure that was not even cited or referred to anywhere. This one differs in that it's not the government's fault that you filed early without the supporting material. You could have waited until day 89 or 90 and then filed it with the supporting material. Yes, but there were extenuating circumstances in my case, Your Honor, and that is the – You filed the early one to prevent removal? That's correct. My client received a bag-in-baggage letter to report for deportation, and in order to get that to apply for a stay, I wanted to prove that we had filed a motion to reopen with the Board of Immigration Appeals. 30 days. And indeed, the Court – I would like to inform this Honorable Court that the Immigration Service granted that motion to stay deportation based on the evidence that I submitted. But then my client was kicked out of court before the BIA because the BIA chose not to wait the full 90 days to receive the supporting documents. And this case cries out for justice as well because this was an asylum proceeding. My client requested political asylum. He was denied the opportunity for a full and fair hearing because of ineffective prior counsel, ineffective prior court-appointed interpreter, and errors committed by the immigration judge. So he never had a full and fair hearing. Now, I think you made that quite clear in your briefing. So after we were denied, prematurely denied the motion to reopen, we filed a motion to reconsider, reasoning that surely the Court would see its error because the basis of the denial of the motion to reconsider was it appeared to be that the Court miscalculated the 90 days because it had issued it two weeks before the 90 days saying, well, we don't have time. We have waited 30 days and you haven't submitted it. What you've got here is, if I understand it right, and educate me if I don't because this is very esoteric law, you've got a bare motion to reopen that is not going to be granted because it really doesn't have materials to support it. It has to be filed in order to deal with the bag and baggage letter by getting a stay. Correct. And then within the 90 days, you're prepared to file the supporting materials that would show bad interpreter, prejudicial, mistakes by the interpreter were entitled to reopen and get a new hearing with a competent interpreter. But you don't get to do it because on account of your motion being bare, it's promptly denied. Well, it was not supported by evidence, but it very clearly stated the grounds on which we were seeking reopening. And you said that you were going to provide the materials in that initial letter. Yes. Not in the letter, in the motion itself. In the initial motion, I should say. Yes. Why isn't this controlled by Garcia-Cortez? Garcia-Cortez. I'm not sure. Could the court? Well, if you're not familiar with it, it's a very helpful case, too. It's 366 F. 3rd, 749, 2004, where the. Oh, here it is, Your Honor. In fact, I wrote a 28-J letter to the court on this. Yeah. Well, in here, in it, the appeal was dismissed based on a notice of appeal alone, and the Ninth Circuit found that that was improper because the reasons for the appeal were stated to such a degree that it was not necessary to file a brief or that it could have been decided even without the brief. In this case, we have the motion to reopen, which is not an appeal but a reconsideration of the entire case. And there is no, there was no deadline that was missed in terms of filing anything. That is the difference. On considering your, the motion to reconsider, are we in a position to look fully at the merits of the original issue, or are we limited in some respect by the notion that this is a motion to reconsider that in ordinary civil practice narrows the focus of potential attack? Well, preliminarily, the guiding principle is to look at it as if the motion had not been made in the first place. And that brings us back to the motion to reconsider and the fact that it was denied based on, seemingly based on a miscalculation of the 90-day period and no other reason. It's not even a procedural issue, not a substantive issue, not a procedural issue, but a plain miscalculation of the filing period. Second, because of that, one has to look at the motion to reopen, because if there weren't this miscalculation, then the evidence would have been timely submitted and considered. So your relief you're asking from us is simply the BIA to now take a look at the motion to reconsider. That's correct. And it had as if the supplemental materials and the list of issues that were specified in the initial filing were all submitted together within the 90-day period. That is correct, Your Honor, because we have, as I said, a case that just begs for equity. Well, it's more than equity. It's a question of whether the BIA followed its own rules. Which it clearly did not. Okay. Another issue is that the BIA, even though the motion to reconsider was denied based on the fact that the petition was not given all the time, permitted to file the documents, when the motion to reconsider was ruled on, the reason it gave was not, it didn't address the miscalculation. It was not merits-related. Right. But rather it rejected it on a totally different basis, tantamount to a bait-and-switch and exacerbating the due process deprivation that Petitioner had already suffered. You may want to save some of your time so that you can respond after we find out how the government responds to Garcia-Cortez. Very well, Your Honor. Thank you. Thank you, Counsel. Good morning. I'm Jennifer. I represent the United States Department of Justice in this case. I assume you want me to address Garcia-Cortez off the bat. And then I'd like you to explain how the BIA can pre-dermit a 90-day filing period peremptorily without at least giving an order to show cause, since the brief, the motion that was filed specifically said they intended to file supplemental materials within the 90 days. So where do they get the authority to cut off a 90-day time to file? Well, Your Honor, the regulation is very clear. A motion to revoke must be filed within 90 days, and it must state all of the facts and contain all of the evidence. Well, they had 90 days, and it hadn't elapsed, so. Right, Your Honor.  You don't have to hold something in advance. They have 90 days in which to file, and they filed a piece of paper that laid out what the grounds were and said we will file and supplement within the 90-day period. So where do you get the authority to cut that off? Well, the Board has the authority, given the regulation's clear command, that any motion to reopen must contain all of the information. What Petitioner filed was not a motion to reopen. It was basically a statement saying I'm going to be filing everything with my motion. If he hadn't filed anything, you could not have taken any action, correct? Right, Your Honor. And because they filed something for a collateral reason, which proves to be appropriate, apparently, given the way the interplay works between different parts of the government. Let me finish. Oh, I'm sorry, Your Honor. They filed a statement that laid out the issues and said specifically we are going to file the rest. Now, the case just before us, we were told by your colleague, who isn't here, unfortunately, to appreciate this, that what the Petitioner should have done in that case was notwithstanding he had the option to file for and request a joint motion, should have filed a protective motion, which everyone will agree has much less chance of success than a joint motion. And so there, because they didn't take the step of filing something that was protective and show due diligence, they get nailed. Here they show due diligence and are very candid and say what they're going to do, and the board responds by chopping off their 90 days. Now, explain the equities and the thinking behind that. This is a different case than the case that you heard previously. I was sitting in the courtroom for that case. It is. This is not a protective. First of all, there's no evidence that the Department of Homeland Security would not grant a stay absence this skeletal, which is what Petitioner labeled it in her brief, the skeletal motion to reopen file. In the record site where the board or where DHS does grant the stay of removal, they say after a careful consideration of your case, she did file a very thorough stay motion. They granted the stay. There was no requirement that a motion to reopen be filed in the court. So what? So what? That happens to explain why she did it. But the board's own regulations give someone 90 days in which to file. And this is not someone who just filed a slip of paper. They said we're filing, and this is what we're going to be arguing, and we will be presenting within the 90 days the supplemental material. Now, what is it that the board, where did they get the authority to cut off the full 90 days within which to comply? The board, the regulation states that any motion to reopen must be complete. Well, you just said it wasn't a motion to reopen. Well, she titles it a motion to reopen. It just said it wasn't. It certainly didn't meet the standards for a motion to reopen. Well, of course it didn't, and on its face it acknowledged it. And on its face it said, I know, and we're going to do it within 90 days. And the board could not adjudicate it because it wasn't. It doesn't say it has to be complete when filed. It says in subsection C it shall be supported by affidavits or other evidentiary materials. Well, and here it was not. Why does it say it all has to be completed in one filing at one time as opposed to at two separate times? Well, Your Honor, the regulation and the board can fairly read it to say that you're entitled to one motion to reopen filed within 90 days. That motion to reopen shall state and shall include. We would have some Chevron deference that we would have to deal with if the board had a decision where it said, when a person files an incomplete motion to reopen and promises to supplement it, we will treat it as an unsupported motion and deny it. But I don't understand that there is any BIA decision to that effect. Is there? I don't know that there is. I don't think the board has ever been unclear as to the fact their interpretation of the regulation is requiring motions to reopen to contain all of the evidence at the time they're filed. They're not. Petitioners aren't given an option to file a skeletal motion to reopen. Suppose they had sent you, suppose they had sent the board a letter saying we're going to comply with the 90 days. Okay. No question about what would have happened then, I trust. And yet what you're saying is that because they gave you more, they're worse off than if they had simply sent something saying we're going to comply with the 90 days. Well, Your Honor, I would like to point out that they still did not comply with the 90 days, even after being notified. Ah, but that was because they had to get the papers together in order to deal with the thing in a different posture. Well, I would like to point out that they did have the ineffective assistance claim all wrapped up by early January. The real thing that they seemed to be waiting for was an interpreter to translate the letter. They waited from December 23rd until I believe they received the interpreter in early February. The interpreter translated the record by February 12th or 13th, and they waited until March 13th. March, the interpreter didn't complete the declaration until long after the 90-day period had run. So that right there is not diligence. Petitioners certainly could have filed, at least by January, all of the ineffective assistance of counsel issues and could have raised at least, even the skeletal motion to reopen they did file, didn't tell the Board anything about what type of claim they were raising, other than a general ineffective assistance of counsel, there's some sort of new material they wanted looked at, and that there were some sort of interpreter errors with absolutely nothing to tell the Board what those errors were, which is very different than the Garcia-Cortez case, in which the government does not believe that this court should extend Garcia-Cortez to the motion to reopen ARENA. Garcia-Cortez specifically deals with a summary dismissal of a petition for review because Petitioner failed to file a brief to the Board after promising to do so. The thing that's similar is it was on its way. Well, it had been mailed timely. That's what the Petitioner constantly contended. Here, Petitioner never contends that it was all put, it wasn't put in timely. Petitioner didn't submit the actual supporting documents until March, when it was after the 90 days. Let's hypothesize, and I'm calling this hypothesizing because I don't want to force you to assume that this is the fact of this case. Let's hypothesize that a Petitioner has an ironclad motion to reopen. If duly filed, it will be granted. Let's further hypothesize that in order to prevent the deportation following the bag-and-baggage letter, he has to have filed a motion to reopen, but he cannot obtain the ironclad evidence that he needs until day 89. He reads the regs, and the regs say only one motion in subsection 2 can be filed. What is wrong in that hypothesis with him filing a motion and saying in his motion, the affidavits and other evidentiary material which are required in support of this motion under subsection C1 will be filed on day 90? What is wrong with treating that as one motion filed in two parts? I would say the better course of action would be to request from the Board a continuance, which Petitioner didn't do, so they aren't considering this motion a motion to reopen. And I would also like to point out the Board's decision to What is violative of any rules if it's done the way I described? Well, if you're assuming that the Department of Homeland Security will not grant its day absent a motion to reopen, which is an assumption that we have no evidence to back, there's nothing to support this claim by a petitioner. If you don't file a motion to reopen, and you've lost your case, you've got a bag and baggage letter, and you don't file anything, why should they stay your deportation? Well, I would like to point out that by the time, even prior to the DHS granting the stay, Petitioner already had all the information she needed, or he needed, in order to file the ineffective assistance of claim. It had been submitted to the Board. Allegedly, letters had been sent out to the counsel. The errors could have been placed into that motion to reopen. So at least there could have been a motion to reopen. What about the critical error in translation, the omission of the word only, that changed the entire meaning and supported the original adverse decision? Well, Your Honor, unfortunately, Petitioner waited too long to get an interpreter. There's no reason, Petitioner's reason when she filed the motion to reopen that was deficient, was counsel was on holiday vacation, so they couldn't get it done, and were looking for an interpreter. That was December 23rd. They don't find an interpreter until February, and then that interpreter doesn't complete her work until March. I've just heard of a case before that takes DHS attorneys six months to respond to a simple request to join in a joint motion. I have no trouble with about-a-month men because, frankly, I can never get any business done with anyone between about December 20th and January 5th or 10th, and it's always been like that. And with foreigners, a lot of them are going to go home over the holidays, so they're not going to be around for several weeks. Well, certainly something could have been done to make sure the interpreter got the job. Once they had an interpreter in early February, counsel then states that they couldn't get their schedules matched until mid-February. You'd be surprised how many motions we get from the government to give relief because you haven't been able to get things done. But, you know, we hear your argument. I'm still concerned about instead of arguing between us about how these things work in real life, I'm looking at what the notice is to the petitioner here. And I'm not trying to be argumentative just because the prior case, you know. I was struck getting these cases back-to-back as to trying to figure out what should a practitioner do. And we've been concerned about, you know, the quality of the bar and all of that, and we're seeing good immigration counsel appear before us now who are trying to comply, it appears, with the rules and regulations. So I look in this case, and it says you have 90 days in which to file an appeal, okay, or file a motion to reopen. So she goes to this step, and you've quarreled with her rationale for it, but to me it sounds like, you know, she's doing everything she can to assure that she's going to get relief from DHS. Where did they get the notice to put them on notice that if, just as in the prior case, where did they get the notice that when they file and state up front what they're doing, that instead of 90 days, they now have whatever days it could have been denied the very next day. If, you know, you get somebody like, you know, we don't accept briefs that don't conform, BIA could have a clerk at the desk look at it and say, no supporting stuff, denied. So they would have not only been pre-dermitted by several days, but by, you know, it could have been by a couple of months. Where is the notice? Where is the due process that gives the board authority to do that? The board has the authority and the regulation. The regulation is clear on its face that the motion must require all supporting. It does, but it also in that same regulation says you have 90 days. It does, and Petitioner chose to wait or to file an early one and still could have cured it. After the board denied, she had 14 more days to cure. What if he had a brief due, not a motion, and it's due on February 1? January 15, he files 20 pages and says I had a word processor problem. The other 20 pages in my brief are on the way, and I'll have them filed before the February 1 deadline. But our court looks at that half a brief that we got and says it's only half a brief. We're dismissing the appeal. It seems to me that's analogous, and it's not right. Your Honor, I believe, and from the cases that I've read, it seems that the board and, of course, the court are very generous as far as briefs are concerned. The board will, in almost every case I've seen where a Petitioner has asked for a brief of continuance on a brief deadline, they will grant it and give him every opportunity to file that brief. A motion to reopen is different. It's not the same as a brief. A motion to reopen is supposed to be filed within 90 days, and it's supposed to contain everything. And the reason is because we don't want delays in proceedings, and Congress has made that extremely clear, that motions to reopen shouldn't be used to delay proceedings. So the board has to have some sort of guideline. They've given 90 days. 90 days. If you, if this. Yes, Your Honor. So what is, what's the rush to rule before the 90 days have elapsed? Your Honor, if Petitioner had filed it on the first day of the 90 days, the board could have denied it the second day of the 90 days. That's right. And would not have been going against regulations. And again, I want to, I want to reiterate, this is a motion to reconsider. The only thing before this Court is whether the board properly denied the motion to reconsider, not the motion to reopen. And here, the board clearly did not abuse its discretion when it looked at its own regulation and interpreted it as saying that that motion must be complete. And again, Petitioner had additional days to cure the defect and still waited until after the 90-day period had run. I guess, I guess we've asked you all our questions. At least there's nice weather out here. If it pleases the Court, the government seems to be speaking from both sides of its mouth, saying that Petitioner should have at least filed evidence on ineffective counsel, which would have been piecemeal, which he. Why did it take so long to get the interpreter? I mean, the thing about Christmas and the dates interests me. My experience is, end of December, either they're not in their office or they're just having a bunch of cookies and it's a waste of time trying to do business. Including the government, Your Honor. But by the last half of January, you can do business again. Yes, Your Honor. But I, it was very difficult to find a competent interpreter. Armenian interpreters are difficult to find. Yes, yes. And I have to go outside. In California, hard to find Armenian interpreters. A certified Armenian interpreter, Your Honor. After the errors made by the interpreter, which was paid by the Department of Homeland Security for the immigration court, and the nonsense that came out in the record, it is no wonder that the immigration judge said that the entire proceeding was incoherent. She couldn't understand what it was trying to say. And when you look at the record that was presented by the certified Armenian interpreter that I finally found with the superior court, it's clear why it was needed. The interpreter had to go and listen to the proceedings. I went with her. And we went through every single line. And this is how she determined words were omitted, words were not provided, words were misinterpreted. So she had to listen to a tape. Yes. She couldn't go out. She wasn't interpreting documents. That's correct. Translating documents. And then that had to be transcribed. She herself had to then type it up. And we had to compare it with what was the certified administrative record. So it was very time-consuming to do that. How many hours of tape were you talking about? Oh, Your Honor, I really do not remember, but several hours. We were there for several hours. And what's the explanation? She said you failed to cure within the 14 days. Well, the government would have you believe that once the motion to reconsider was denied 14 days early, that the petitioner should have submitted the documents at that time. It was that was that would not have been possible because a decision on the motion had been made. The only choice would have been to file the motion to reconsider.  And as far as the government also said we should have asked for a continuance, there was no need to ask for a continuance. The 90 days had not run. So there were a lot of contradictions here. We paid the filing fee. We were issued a receipt by the Board of Immigration Appeals. We advised them we would submit the material within 90 days. And we would have had the court not proclosed that opportunity. So you used the motion to... Reconsider. The one that's before us. That's correct. That was a way of getting the documents. Yes, that was the only remedy left. Okay. Thank you. Thank you, counsel. D.N. Giazarian v. Gonzalez is submitted.
judges: Kleinfeld, Fisher, Shadur